NOT FOR PUBLICATION                                          (Doc. Nos. 8, 9, 11, 15)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
HERU PTAH AMEN,                     :
                                    :
            Plaintiff,              :    Civil No. 11-05018 (RBK/KMW)
                                    :
      v.                            :    **OPINION**
                                    :
NEW JERSEY MOTOR VEHICLE            :
COMMISSION,                         :
RAYMOND P. MARTINEZ,                :
                                    :
            Defendants.             :
_____ :

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by The New Jersey Motor Vehicle Commission ("NJMVC") and its Chief Administrator, Raymond P. Martinez ("Martinez")(collectively, "Defendants"), to dismiss the Complaint of Heru Ptah Amen ("Plaintiff"). Defendants move to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(1), respectively. Defendants have also filed a motion to vacate the default judgment entered against them. Plaintiff has filed a motion to compel and a motion for summary judgment. For the reasons expressed below, Defendant's motion to dismiss is **GRANTED**.

**I.      BACKGROUND**

Plaintiff filed suit against NJMVC and Martinez, claiming that the agency's alleged refusal to issue him identification reflecting his "common law name change" violated constitutional rights secured by the Ninth and Tenth Amendments.  Compl. ¶¶ 111-117.  On March 20, 2012, the United States Marshals Service served process on NJMVC and Martinez. (Document 4).  Although Plaintiff claims to have personally served Martinez (Document 5), the process receipt and return submitted to the Court state that an individual by the name of "T. Bruno Legal Admin NJDMV" was in fact served.  Id.  The process receipt describes Defendants' address as "225 E. State Street Trenton, NJ," which is listed as a branch of NJMVC in a list of search results appended to Plaintiff's motion.  (Document 10).  On April 10, 2012, the same day Defendants were required to file an answer, Plaintiff submitted proof of service to the Court. (Document 4).  The following day Plaintiff moved for default judgment against Defendants. (Document 5).  On April 12, 2012, a default judgment was entered.  Not realizing that a default had already been entered against them, Defendants moved to dismiss Plaintiff's complaint four days later.  (Document 8).  Defendants later filed a motion to vacate the default judgment. (Document 9).

**II.    DISCUSSION**

As a preliminary matter, Defendants have moved to vacate the default judgment entered against them.  Defendants cite, among other things, Plaintiff's improper service as justification for their failure to respond.  Defs.' Mot. Vacate at 5.  The Federal Rules of Civil Procedure require that service to a state or state-created governmental agency be accomplished by delivering a copy of the summons and complaint to the chief executive officer or according to "the manner prescribed by that state's law for serving a summons."  Fed R. Civ. P. 4(j).  The New Jersey Court Rules state that in order to personally serve the State of New Jersey, a plaintiff

must deliver a "copy of the summons and complaint to the Attorney General or to the Attorney General's designee named in a writing filed with the Clerk of the Superior Court." New Jersey Court Rule 4:4-4(a) (7). There appears to be some uncertainty as to the actual identity of the "T. Bruno" who was served. It is certain, however, that this person is neither the Attorney General, nor the chief executive officer of the New Jersey Motor Vehicle Commission. Accordingly, Defendants' motion to vacate the default judgment is GRANTED.

Defendants' motion to dismiss will similarly be granted pursuant to FRCP 12 (b)(1). The Eleventh Amendment to the United States Constitution provides that, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. Amend. XI. The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought. See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984). The Eleventh Amendment similarly precludes federal suits for money damages against state officers sued in their official capacities, absent the state's waiver of immunity. See Kentucky v. Graham, 473 U.S. 159 (1985). The state has not waived its Eleventh Amendment immunity and Martinez is being sued for money damages in his official capacity. As such, this court lacks subject matter jurisdiction to hear Plaintiff's claim.

### III. CONCLUSION

For the foregoing reasons, Defendant's motions to vacate and dismiss are GRANTED. Plaintiff's motions to compel and for summary judgment are DENIED.

Dated: 11/28/2012                                    /s/ Robert B. Kugler
                                                     ROBERT B. KUGLER
                                                     United States District Judge